Michael Millen
Attorney at Law (#151731)
119 Calle Marguerita Ste. 100
Los Gatos, CA 95032
Telephone: (408) 871-0777
Fax: (408) 866-7480
mikemillen@aol.com

Attorney for Plaintiff

ORIGINAL FILED

2011 JUL 12 P 2: 28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV11-03408 PSG

WILLIAM G. HAMPSMIRE,

    Plaintiff,

v.

CITY OF SANTA CRUZ,
KEVIN VOGEL in his official capacity as police chief for the CITY OF SANTA CRUZ,
PATRICK BAYANI, in his individual and official capacity as a police officer for the CITY OF SANTA CRUZ, and
CHRIS VIGIL, in his individual and official capacity as a police officer for the CITY OF SANTA CRUZ,

    Defendants.

COMPLAINT FOR CIVIL RIGHTS VIOLATION; DEMAND FOR JURY TRIAL

1. 42 U.S.C. § 1983
2. False Arrest/Imprisonment
3. California Civil Code §52.1

Plaintiff alleges as follows:

1. Plaintiff WILLIAM G. HAMPSMIRE is a natural person. Motivated by his moral and religious beliefs, plaintiff has regularly engaged in public preaching. This activity principally includes preaching the Good News of Jesus Christ and verbally expounding upon various biblical texts and truths to the public. This activity occurs on outdoor walkways generally open to the public.

COMPLAINT

Page 1

2.2 Defendant the CITY OF SANTA CRUZ is and at all times mentioned herein was a municipal corporation which has, as one of its constituent parts, a department commonly known as the "Santa Cruz Police Department".

2.4. Defendant KEVIN VOGEL in his official capacity as a police officer for the CITY OF SANTA CRUZ, is the Chief of the Santa Cruz Police Department. He is being sued in his official capacity for injunctive relief.

2.6 Defendant PATRICK BAYANI, at all times mentioned herein, was and is a person employed by the City of Santa Cruz who works as a sworn police officer in the Santa Cruz Police Department. He is being sued in his individual and official capacity for damages and injunctive relief.

2.6 Defendant CHRIS VIGIL, at all times mentioned herein, was and is a person employed by the City of Santa Cruz who works as a sworn police officer in the Santa Cruz Police Department. He is being sued in his individual and official capacity for damages and injunctive relief.

3. **JURISDICTION:** This Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§1331 and 1343(3) in that the controversy arises under the United States Constitution and under Title 42 U.S.C. §1983 and Title 28 U.S.C. §2201. This Court has authority to award attorneys fees pursuant to Title 42 U.S.C. §1988. Plaintiffs further invoke the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to hear and adjudicate state law claims.

4. **INTRADISTRICT ASSIGNMENT:** Venue is proper in this district and division under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims in this action occurred in this district and division.

5. On or about May 30, 2010, plaintiff went to the city of Santa Cruz, California. His intention was to preach the Good News of Jesus Christ and verbally expound upon various biblical texts and truths to the public (herein "free speech activity").

6. Plaintiff stationed himself at an outdoor location near the intersection of Pacific Avenue and Copper St. in an area open to the public and engaged in free speech activity. While engaged in this free speech activity, plaintiff was approached by defendant BAYANI who demanded that plaintiff lower the volume of his preaching. Plaintiff refused.

7. A "Notice to Appear" criminal citation (#P747161) was issued against plaintiff, and plaintiff is informed and believes and thereon alleges that defendant Bayani was the one who issued the citation. The citation indicates that the legal basis for its issuance was Santa Cruz Municipal Code §9.36.020. The City appears to claim that the Citation was not signed by Defendant Bayani but rather by a citizen.

8. After receiving the citation, plaintiff continued to engage in his free speech activity. Defendant Bayani asked plaintiff to move to another location but plaintiff continued his preaching.

9. Defendant Bayani then arrested plaintiff at which point plaintiff was transported to the County Jail. Plaintiff is informed and believes and thereon alleges that defendant Vigil is the one who transported plaintiff to the County Jail.

10. At the booking area defendant Bayani took custody of plaintiff and had him booked for the crime of disturbing the peace under Cal. Penal Code §415(2).

11. At all of the above times plaintiff's activity was peaceful, caused no disturbance or disruption, and was in no way criminal.

12. No defendant had lawful cause or probable cause to arrest plaintiff, and the arrest of plaintiff was unlawful. The District Attorney declined to prosecute plaintiff and plaintiff has not been convicted of any crime on account of the incident.

13. Within six months of the arrest plaintiff filed a claim with the City of Santa Cruz for the above incident. Said claim was rejected by the City of Santa Cruz via a letter sent to plaintiff dated January 12, 2011.

## FIRST CAUSE OF ACTION
## (VIOLATION OF 42 U.S.C. § 1983)

14. Plaintiff incorporates paragraphs 1-13 as if fully set forth herein.

15. The acts of defendants deprived plaintiff of his free speech rights under the First and Fourteenth Amendments of the Constitution of the United States and further deprived plaintiff of his right to be secure in his person against unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution. Defendants knew or should have known that their actions were unlawful.

16. All of the acts of defendants Bayani and Vigil were done under color and pretense of the statutes, ordinances, regulations, customs, official policies, official procedures, and usages of the City of Santa Cruz.

17. Each defendant participated in the affirmative acts of the other, with the result that plaintiff was arrested as set forth above.

18. On information and belief, plaintiff alleges that the City of Santa Cruz has an inadequate policy of supervising police officers and has not adequately trained its police officers so as to prevent unlawful arrests such as that described above.

19. As a direct and proximate result of defendants' actions, plaintiff suffered humiliation, embarrassment, discomfort, loss of reputation, and loss of his liberty and freedom.

20. The conduct of defendant was performed with malice and oppression and a conscious disregard of plaintiff's rights, so as to justify an award of exemplary damages.

21. The Santa Cruz Police Department has a long history of arresting persons engaging in free speech even when said persons have committed no crime related to their exercise free speech.

22. Unless enjoined by this Court, defendants will continue to infringe plaintiff's constitutionally protected rights and thereby cause irreparable injury, as damages alone cannot fully compensate plaintiff from the ensuing harm. This threat of injury from continuing violations requires injunctive relief.

## SECOND CAUSE OF ACTION
## (FALSE ARREST/IMPRISONMENT)

23. Plaintiff incorporates paragraphs 1-22 as if fully set forth herein.

24. Plaintiff was falsely arrested.

## THIRD CAUSE OF ACTION
## (VIOLATION OF CALIFORNIA CIVIL CODE § 52.1)

25. Plaintiff incorporates paragraphs 1-24 as if fully set forth herein.

26. Defendants, because of plaintiffs' religious beliefs and political beliefs and the peaceful expression of those beliefs, intentionally intimidated plaintiff and interfered with his exercise of the right to free speech and to assembly guaranteed by the First Amendment of the United States Constitution and Article I, §2 of the California Constitution, and to his right to be free from unlawful search and seizure guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §13 of the California Constitution. This conduct was a violation of California Civil Code §52.1.

27. Unless enjoined by this Court, defendants will continue to infringe plaintiffs' constitutionally protected rights and thereby cause irreparable injury, as damages alone cannot fully compensate plaintiffs for the ensuing harm. This threat of injury from continuing violations requires injunctive relief.

WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AGAINST DEFENDANTS AS FOLLOWS:

**ON THE FIRST CAUSE OF ACTION:**

1. General damages in the amount of $50,000;

2. Special damages and exemplary damages according to proof;

3. Enter preliminary and permanent injunctions enjoining defendants and those persons in active concert with them from interfering with plaintiff's lawful speech or arresting him under similar circumstances;

4. Costs, interest and attorneys' fees pursuant to plaintiffs to 42 U.S.C. §1988 and other pertinent federal law; and

5. Such other and further relief as the court deems just and proper.

**ON THE SECOND CAUSE OF ACTION:**

1. General damages in the amount of $50,000;

2. Special damages and exemplary damages according to proof;

3. Enter preliminary and permanent injunctions enjoining defendants and those persons in active concert with them from interfering with plaintiff's lawful speech or arresting him under similar circumstances;

4. Costs; and

5. Grant such other and further relief as the court deems just and proper.

**ON THE THIRD CAUSE OF ACTION:**

1. General damages in the amount of $50,000;

2. Special damages and exemplary damages according to proof;

3. Award statutory penalties to each plaintiff pursuant to California Civil Code §52, et seq.

4. Enter preliminary and permanent injunctions enjoining defendants and those persons in active concert with them from interfering with plaintiff's lawful speech or arresting him under similar circumstances;

5. Costs, interest and attorneys' fees to plaintiffs pursuant to California Civil Code §52, §52.1 and other pertinent California law; and

6. Such other and further relief as the court deems just and proper.

Dated: July 11, 2011

MICHAEL MILLEN, ESQ.
ATTORNEY FOR PLAINTIFF

**JURY DEMAND**

Plaintiffs hereby requests a jury trial in this matter.

Dated: July 11, 2011

MICHAEL MILLEN, ESQ.
ATTORNEY FOR PLAINTIFF