Michael Millen
Attorney at Law (#151731)
119 Calle Marguerita Ste. 100
Los Gatos, CA 95032
Telephone: (408) 871-0777
Fax: (408) 866-7480
mikemillen@aol.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM G. HAMPSMIRE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SANTA CRUZ,<br>KEVIN VOGEL in his official capacity as police chief for the CITY OF SANTA CRUZ,<br>PATRICK BAYANI, in his individual and official capacity as a police officer for the CITY OF SANTA CRUZ , and<br>CHRIS VIGIL, in his individual and official capacity as a police officer for the CITY OF SANTA CRUZ,<br><br>　　　　Defendants. | NO.: CV 11-003408 PSG<br><br>**JOINT CMC STATEMENT**<br><br><br>Date: TBA<br>Time: TBA<br>Dept: TBA<br>Judge: TBA |

　　　　The parties hereby submit this joint CMC Statement.


**1.**　　**Jurisdiction and Service**

　　　　Plaintiff contends this Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§1331 and 1343(3) in that the controversy arises under the United States Constitution and under 42 U.S.C. §1983 and 28 U.S.C. §§2201 and 2202. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to hear and adjudicate state law claims

The defendants in this case have answered.

**2. Facts**

*PLAINTIFF'S VERSION OF FACTS*

On or about May 30, 2010, plaintiff went to the intersection of Pacific Avenue and Cooper St. in downtown Santa Cruz. His intention was to preach the gospel of Jesus Christ on a public walkway.

While engaged in this free speech activity, plaintiff was approached by defendant BAYANI who demanded that plaintiff lower the volume of his preaching. Plaintiff refused. Plaintiff was then given a "Notice to Appear" criminal citation for allegedly violating Santa Cruz Municipal Code §9.36.020 signed by a citizen.

After receiving the citation, plaintiff continued to engage in his free speech activity. Defendant Bayani asked plaintiff to move to another location but plaintiff continued his preaching. Defendant Bayani then arrested plaintiff at which point plaintiff was transported to the County Jail by defendant Vigil.

At all of the above times plaintiff's activity was peaceful, caused no disturbance or disruption, and was in no way criminal.

No defendant had lawful cause or probable cause to arrest plaintiff, and the arrest of plaintiff was unlawful. The District Attorney declined to prosecute plaintiff and plaintiff has not been convicted of any crime on account of the incident.

*DEFENDANT'S VERSION OF FACTS*

The City police were responding to a private citizen complaint over the noise and disturbance being created by Plaintiff. When at the scene, Officer Bayani observed citizens in the area yelling at Plaintiff to be quiet. Officer Bayani advised Plaintiff the complainant just wanted him to move. Plaintiff refused. Thereafter, the complainant signed a citizen citation for Plaintiff which was issued to Plaintiff by Officer Bayani. Plaintiff continued to talk loudly and attracted a crowd who became agitated by Plaintiff and some people yelled at him to be quiet and to shut up. Officer Bayani asked Plaintiff to move to another location.

Plaintiff indicated he would move across the street but this would put him closer to the complaining party as Officer Bayani asked that he move somewhere else. Plaintiff continued with his conduct and said the only way to stop him would be to take him to jail. Plaintiff then called his attorney on his cell phone. He ended the call saying he was just going to have to go to jail. Thereafter, he began to talk in a louder volume which only added to the reactions of people passing by and the crowd. At that point Plaintiff was arrested.

**3.   Legal Issues**

A) Did defendants have probable cause to arrest plaintiff?

B) Has the City of Santa Cruz failed to properly train officers in the propriety of arrests of street preachers such that an injunction is warranted to prevent further interference with First Amendment rights?

C) Was Plaintiff exercising any first amendment rights at the time of the incident?

D) Was Plaintiff's citation made under "color of law"?

E) Are the Officers entitled to qualified immunity?

F) Does the City have any liability under the doctrine announced in *Monell v. Department of Social Services*, 436 U.S. 658 (1978)?

**4.   Motions**

Plaintiff intends to bring a motion for summary judgment on liability and a preliminary injunction motion.

**5.   Amendment of Pleadings**

Plaintiff does not currently intend to amend the complaint.

**6.   Evidence Preservation**

This does not appear currently to be an issue in this case.

**7.   Disclosures**

The parties will make disclosure as required by law.

**8.   Discovery**

The discovery limitations would mirror the Federal Rules of Civil Procedure except that each side may propound 40 interrogatories.

**9.  Class Actions**

This is not a class action case.

**10.  Related Cases**

None.

**11.  Relief**

The complaint prays for compensation and a permanent injunction.

**12.  Settlement and ADR**

Once liability is determined this case may be amenable to an ADR procedure.

**13.  Consent to Magistrate Judge for All Purposes**

Plaintiff consents to a magistrate judge.

Defendant does not consent to a magistrate judge.

**14.  Other References**

N/A.

**15.  Narrowing of Issues**

N/A

**16.  Expedited Schedule**

N/A

**17.  Scheduling**

The parties currently propose the following schedule:

Close of Fact Discovery:  April 17, 2012

Opening Expert Reports:  May 14, 2012

Rebuttal Expert Reports:  June 19, 2012

Close of Expert Discovery:  July 30, 2012

Last Day for Hearing on Dispositive Motions: August 27, 2012

Trial:  October 2012

**18.** **<u>Trial</u>**

See No. 17.

**19.** **<u>Disclosure of Non-Party Interested Entities or Persons</u>**

None.

Dated: September 21, 2011

_____
MICHAEL MILLEN, ESQ.
ATTORNEY FOR PLAINTIFF

ATCHISON, BARISONE,
CONDOTTI & KOVACEVICH

Dated: September 21 , 2011

_____/S/_____
GEORGE J. KOVACEVICH, ESQ.
ATTORNEYS FOR DEFENDANTS
SANTA CRUZ POLICE OFFICERS K. VOGEL, P. BAYANI, C. VIGIL,
AND CITY OF SANTA CRUZ